**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

NATHANIEL HARVEY, et al.,

    Plaintiffs,

v.                                                                          CV No. 19-1019 KWR/CG

NEW MEXICO DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.

## STIPULATED CONFIDENTIALITY ORDER

Defendants and Plaintiffs hereinafter collectively sometimes referred to as the "Parties," by and through their counsel, Hinkle Shanor LLP (Stephen S. Shanor and Chelsea R. Green) for Defendant, and Stephen F. Lawless, P.A. (Stephen Lawless) for Plaintiffs, hereby stipulate that the following Confidentiality Order is agreed upon and shall be binding upon the Parties in the above captioned matter.

    1.    **Definition of Confidential Information.** For purposes of this Agreement, "Confidential Information" shall include all information or material which contains information of a financial, confidential, NMDOC Policies and Procedures, personnel files, inmate files, medical records, PREA investigations and records, and other confidential information. If Confidential Information is in written form, the disclosing party shall label or stamp the materials with the word "Confidential" or some similar legend. If Confidential Information is transmitted by deposition or other testimony, the disclosing party shall, within fifteen (15) days of such oral communication, provide a writing indicating that such oral communication constitutes Confidential Information.

2. **Definition of "Qualified Persons."** As used herein "Qualified Persons," means:

   a. Attorneys of record for the Parties in this Litigation and employees of such attorneys;
   b. Actual or potential experts or consultants who have, prior to any disclosure of "Confidential Information" to such persons, been made aware of and agreed to be bound by the terms of this Order;
   c. The Parties and/or their officers, agents or employees; and,
   d. If this Court so elects, any other person may be designated as a Qualified Person by order of this Court after notice and hearing to all Parties.

3. **Exclusions from Confidential Information.** A receiving party's obligations under this Agreement do not extend to information that is: (a) known at the time of disclosure or subsequently becomes known; (b) discovered or created by a receiving party before disclosure by a disclosing party; (c) learned by a receiving party through legitimate means other than from the disclosing party or disclosing party's representatives or (d) is disclosed by a receiving party with disclosing party's prior written approval.

4. **Challenge to Confidentiality.** The Parties hereby stipulate that financial records are "Confidential." Other than financial records, the opposing party may challenge the designation of "Confidential" by filing a motion with the Court at anytime within this proceeding, challenging said designation of any document in question. No attorney's fees will be awarded for the pursuit of any such motion.

5. **Obligations of Receiving Party.** A receiving party shall hold and maintain the Confidential Information in strictest confidence. Confidential information shall not be disclosed or made available by the receiving party to any persons other than Qualified Persons. All Confidential Information produced or exchanged in the course of this Litigation shall be used solely for the purpose of preparation, depositions,

hearings, and trial of this Litigation and for no other purpose whatsoever and shall not be disclosed to any person except in accordance with the terms hereof. Confidential Information may be used as an exhibit during the course of a deposition in this lawsuit so long as it is clearly identified as "Confidential" on the deposition record and any such deposition exhibit or testimony regarding such exhibit shall not be filed with the Court except in accordance with the provisions of this paragraph. In the event a party wishes to use any "Confidential Information" in or as attachments to any affidavits, briefs, memoranda of law, or other papers filed in Court in this Litigation, such Confidential Information used therein shall be filed under seal in accordance with the New Mexico Rules of Civil Procedure.

A receiving party shall not, without prior written approval of disclosing party, use for the receiving party's own benefit, publish, copy, or otherwise disclose to others, or permit the use by others for their benefit or to the detriment of a disclosing party, any Confidential Information other than for use in this Litigation. Upon termination of this Litigation and receipt of a written request from the disclosing party, a receiving party shall return to disclosing party or destroy any and all records, notes, and other written, printed, or tangible materials in its possession pertaining to Confidential Information immediately.

6. **Time Period/Conclusion of Action.** The provisions of this order shall not terminate at the conclusion of this action. After final conclusion of all aspects of this litigation and upon written request from the party that seeks return or destruction of the Confidential documents: (1) tangible stamped confidential documents and all copies of same (other than exhibits of record or copies needed to comply with insurance

directives) shall be returned to the party or persons which produced such documents or, at the option of the producer destroyed; and (2) electronic copies (which are not exhibits to filed pleadings or necessary to comply with insurance directives) shall be deleted from the recipient's devices, system and drives.  All counsel of record who have been requested to comply with this provision of this Order shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents.

7. **No Effect on Discoverability.** The Parties acknowledge that by stipulating to this Order they do not waive any right or position that they may have to object to the disclosure or production of information or documents for any reason.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE